### THE DUNDEE MANUFACTURING COMPANY ADS. GEORGE G. VAN RIPER.

Where upon an application for a new trial on the ground of newly discovered evidence, it satisfactorily appears that testimony has, in fact, been discovered since the former trial, which, by the use of reasonable diligence, could not then have been obtained, that such testimony is material to the issue, goes to the merits of the case, and is not cumulative, the application will be granted.

In case.    On rule to show cause why verdict should not be set aside.

The plaintiff brought suit against defendants, to recover an amount alleged to be due him on a certain article of agreement in writing between the parties, whereby the defendants, for a valuable consideration, agreed to pay to the plaintiff the sum of seven thousand dollars.    The greater part of the money had been paid, but a question arose as to a certain payment of the sum of five hundred dollars, for which the defendants produced a receipt, the genuineness of which was denied by the plaintiff.    The jury, upon the evidence before them, disallowed the receipt.    The defendants applied for a rule to show cause, &c., alleging as a ground for the motion, that since the trial they had discovered new and material evidence, which, by the use of reasonable diligence, they could not have produced at the trial, and that the same was not cumulative.

The rule was granted, and argued by *J. Hopper* and *J. P. Bradley*, for the rule.

Contra, *A. B. Woodruff*.

The opinion of the court was delivered by

WOODHULL, J.    This was an action brought to recover a balance claimed to be due on an agreement for the right to overflow certain lands of the plaintiff, upon the defendants' paying him the sum of seven thousand dollars.

It appeared that the lands were overflowed, as contemplated by the agreement, and it was not disputed that the plaintiff had received at different times from the defendants at least five thousand five hundred dollars of the sum they had agreed to pay for this privilege.

On the part of the plaintiff, it was insisted that the several payments made to him amounted to no more than the last named sum, while the defendants claimed that they had paid

on the agreement six thousand dollars, for which they produced receipts purporting to be signed by the plaintiff. Some of these receipts were endorsed on the agreement, and others were written upon separate pieces of paper. Among these last was one dated May 9th, 1859, for five hundred dollars, which was produced by the defendants at the trial, in proof of an alleged payment of five hundred dollars, made by them on that day, through the late Col. Joseph W. Allen, as their agent, he being at that time the chief engineer of the company.

The plaintiff denied that any such payment had ever been made to him by Col. Allen, and utterly repudiated the receipt, declaring, in effect, that the signature to it, purporting to be his, was a forgery.

The real point in controversy at the trial was the genuineness of the signature to the disputed receipt. This was the pivot of the case. If genuine, there was a strong presumption raised that the payment had been made as alleged by the defendants; if not genuine, there was no evidence in the case from which such payment could be justly inferred.

From the testimony submitted to them at the trial, the jury came to the conclusion that the receipt in question was not signed by the plaintiff, and rendered a verdict in his favor, disallowing the alleged payment of May 9th, 1859. This verdict we are now asked by the defendants to set aside, on the ground that since the trial of the cause they have discovered that William Burns, Jr., who, in 1859, was engaged as assistant engineer under Col. Allen, in the construction of the defendants' dam and works, was present and saw the disputed payment of five hundred dollars made by Col. Allen to the plaintiff on the 9th day of May, 1859, and that Mr. Burns, on the same day, or the next morning, under that date made a memorandum in his diary of such payment.

This is the material part of the alleged newly discovered testimony, and all that need be considered in connection with the present application.

If this testimony has, in fact, been discovered since the

former trial; if, by the use of reasonable diligence, it could not have been then obtained; if it is material to the issue, and goes to the merits of the case, and is not cumulative, the motion for a new trial ought not to be denied. *The People* v. *Superior Court of New York*, 10 *Wend.* 285; *Porter* v. *Talcott*, 1 *Cow.* 359; *Deacon* v. *Allen*, 1 *South.* 338; *Jessup* v. *Cook*, 1 *Halst.* 434; *Den* v. *Geiger*, 4 *Halst.* 239; *Den* v. *Wintermute*, 1 *Gr.* 177; *Mechanics' Fire Ins. Co.* ads. *Nichols et al.*, 1 *Harr.* 410; 1 *Gra. & Wat. on N. Trials* 486–495; *Gardner* v. *Mitchell*, 6 *Pick.* 114; *Chatfield* v. *Lathrop*, 6 *Pick.* 417.

1. The deposition of Mr. Atterbury shows that he had been for eight years president of the Dundee Manufacturing Company; that he had always during that time the chief management of the affairs and business of the company; and that, at the time of the trial, neither he, nor, so far as he knew, any one else connected with the company, had any knowledge or information that Mr. Burns knew or could testify any thing in relation to the disputed payment. And in all this Mr. Atterbury is confirmed by Mr. Burns. It is true that he had desired to have Mr. Burns as a witness, and had probably put off the trial once on account of his absence; but this, Mr. Atterbury says, was based on the knowledge that Burns had been Col. Allen's assistant, and, as such, might possibly know something about the matter.

There is, therefore, no good reason to doubt that the evidence referred to has been discovered since the former trial.

2. It appears from the depositions of Mr. Atterbury and Mr. Burns, that from August, 1861, to December, 1864, and until after the trial, Mr. Burns was in the military service of the United States, mostly in South Carolina, Georgia, and Florida, and that neither his attendance as a witness, nor his testimony, could be procured at the trial by the use of any ordinary diligence.

3. That the evidence of Mr. Burns is material and goes to the merits of the case, there can be no doubt. The very matter in issue in this cause is, in effect, the payment of the

disputed $500; and the testimony of the proposed witness is direct and positive that such payment was made as alleged by the defendants.

4. Is the new testimony cumulative?

As to what is cumulative evidence, Savage, C. J., in the case already cited from 10 *Wend.*, says: "According to my understanding of cumulative evidence, it means additional evidence to support the same point, and which is of the same character with evidence already produced." Adopting this definition, which, I think, an admirable one, at once terse, comprehensive, and accurate, it is clear that the evidence upon which a new trial is sought in this case, is in no proper sense cumulative.

1. It is not additional evidence to support the same point.

The point in controversy at the trial was the genuineness of the receipt of May 9th, whether the signature to it was the plaintiff's or a forgery. This point the evidence in question does not touch. It is true that Mr. Burns, in addition to what he says as to the fact of payment, deposes that the name, George G. Van Riper, written under the receipt of May 9th, is in the plaintiff's handwriting; that this part of his testimony would unquestionably be held to be cumulative, and, as such, could furnish no sufficient ground for a new trial. It would be simply evidence to the same point, and of the same character, as that produced at the trial.

2. The evidence in question is not of the same character as that produced at the trial.

The attempt there was not to prove by direct testimony the fact of payment, but to prove another fact, namely, the fact that the plaintiff had given the receipt in question, from which the payment might be inferred. In other words, the evidence given on the trial, of the alleged payment of May 9th, was wholly circumstantial, while the proposed new evidence is as direct as possible to the same fact.

Such being the character of the testimony which the defendants were unable to produce at the trial, there must ne-

cessarily be great reason to doubt whether substantial justice has been done by the verdict then rendered.

I think, therefore, that this verdict ought to be set aside, and a new trial granted, so that the whole testimony may be submitted to another jury, and the merits of the case be thus more fully tested than was possible at the former trial.

Let the rule to show cause be made absolute.